MARY JENKINS ET AL. v. W. G. AND S. A. CAIN.

No. 2615.

**Claims for Money Against an Estate.**—A judgment foreclosing the vendor's lien in favor of the vendor after the death of the defendant, is a claim for money against the estate of the deceased defendant and should be presented to the administrator for action thereon. A suit to revive such judgment brought by assignees of the plaintiff without such presentation under article 2015 Revised Statutes, and the rejection of it, in whole or in part, can not be maintained against the heirs of the defendant pending an administration. Revised Statutes, article 2275.

APPEAL from Smith. Tried below before Hon. Felix J. McCord.

The facts are stated in the opinion.

*White & Edwards*, for appellants, cited Revised Statutes, 2275, 2015, 2028; Birdwell v. Kaufman, 25 Texas, 189; Converse v. Sorley, 39 Texas, 515; Robertson v. Paul, 16 Texas, 472; Buchanan v. Wagnon, 62 Texas, 375; Fitzgerald v. Evans, 53 Texas, 461; Cole v. Robertson, 6 Texas, 356; and arguing:

The judgment on which suit was brought was a money claim against the estate such as are referred to in article 2275 Revised Statutes, and not such as are referred to in article 2276. A judgment in a suit by *scire facias* to revive must be that the plaintiff have his execution (Fitzgerald v.

Evans, 53 Texas, 461, and cases cited), and therefore can not be sustained against the administrator of a deceased person.    The case of Cole v. Robertson, 6 Texas, 356, was decided evidently under the 131st section of the District Court Act of 1846 (Hartley's Digest, article 785), which was repealed by the Act of February 5, 1853.    Paschal's Digest, art. 14; Birdwell v. Kaufman, 25 Texas, 189.    The present statute, article 2275, is substantially the same as the Act of 1853, and was evidently intended to provide the only way in which judgments against the estate of a deceased person could be enforced.

*J. J. Rice,* for appellees.—At the time of the appointment of appellant administratrix, appellees had no such claim against the estate of deceased, Jenkins, as they could have safely presented to the administrator for allowance.    Their debt was in the shape of a judgment which could not have been enforced by the court which rendered it, in the shape it then was.    The judgment was rendered for purchase money, condemning the land for its payment; a sale of the land to satisfy it was the thing sought to be accomplished in order that it be carried into effect.    This could not have been done without reviving the judgment.    In fact appellees had no active and complete claim or debt in any shape; something was necessary to be done in order to make it a complete judgment.    Query:    Could the Probate Court have enforced a judgment that could not have been enforced by the court that rendered it were defendant therein living?

The reason for the law of article 2018, Revised Statutes, in regard to affidavit to claims, presentation, etc., as given in 39 Texas, 528, Converse & Co. v. Sorley, cited by appellant, is that it protects estates against fraud and imposition.    Appellant might have argued as a reason for not approving appellees' dormant judgment, had the same been presented as a claim for money, that it might have been paid; and hence in a suit to revive the writ the heirs were cited and appeared and were given an opportunity to plead and establish payment, if same could have been shown; consequently no fraud nor imposition could have been done the estate.

No debt for money was in this action sought to be established against deceased, Jenkins, and process for sale of land condemned for its payment is all that was herein sought.    The estate and heirs of Jenkins have no title to the land other than the equity of redemption while the purchase money is unpaid, consequently the judgment to the extent of the value of the land is not a claim for money against the estate, because the estate does not own the land; it is a judgment against a thing condemned and set apart to pay it, to which said thing the judgment creditors have the better right and title, the title never having passed to deceased.

As for such balance as may be unpaid on said judgment when order

of sale of land is returned executed, if any balance there should be, then to that extent it would be a claim for money against said estate, and would have to be presented and allowed before payment.

The District Court did not undertake to sell the land, and did nothing more than perfect its judgment and certify it to County Probate Court for observance.

WALKER, ASSOCIATE JUSTICE.—A statement of the case made in the brief for appellants and concurred in by counsel for appellees is as follows: "Suit was filed in the court below June 19, 1888, by Cain & Cain against appellant and other heirs of Andrew Jenkins, deceased, alleging that on March 4, 1881, judgment was rendered in favor of the executors of Sam. L. Earle against Andrew Jenkins for $379, and foreclosing the vendor's lien on a tract of land described in the petition; that plaintiffs were the owners of the same by assignment; that the judgment had been allowed to become dormant; that an order of sale was issued on said judgment in December, 1886, under which levy and advertisement of said land was made; that prior to the day of sale Andrew Jenkins died and the order of sale on that account was returned not executed; that sometime thereafter one P. W. Rowland was appointed and qualified as administrator of said Andrew Jenkins, but was shortly after removed and appellant, the widow of the deceased, was appointed and qualified, and is now performing her duties as such; that after Rowland had qualified as administrator appellees inadvertently, and without knowing said judgment was dormant, made the affidavit as prescribed by article 2276 of the Revised Statutes, had an order of sale to issue, and caused the land to be sold, becoming the purchasers. They pray that said judgment be revived, the sale held for naught, and that their lien be enforced as originally decreed."

The defendants demurred and the petition was held good. Judgment of revivor followed, certifying it to the County Court for observance. Defendants appealed.

Article 2015, Revised Statutes, provides: "Every claim for money against a testator or intestate shall be presented to the executor or administrator within twelve months after the original grant of letters testamentary or of administration, or the payment thereof shall be postponed until the claims which have been presented within said twelve months and allowed by the executor or administrator and approved by the county judge have been fully paid."

Article 2020.   "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection and not thereafter, bring a suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

Article 2036.   "No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator and rejected by such executor or administrator, either in whole or in part."   And relating to executions, article 2330: "The death of the defendant after the execution is issued shall operate as a supersedeas thereof; but the lien of the execution when one is acquired by a levy shall be recognized and enforced by the County Court in the payment of the debts of the deceased."

Article 2275.   "When a sole defendant dies after judgment for money against him execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration."

These extracts from the statutes governing the case show:

1.   That a money judgment against a deceased defendant is a claim to be proved up and paid in due course of administration.

2.   That all claims for money must be presented to the administrator for allowance.   In this there is no difference in the character of the claims to be presented under the present and under the probate law of 1848.   Buchanan v. Wagnon, 62 Texas, 377.

3.   That unless presented no judgment shall be rendered upon any money claim whatever, and that the right to sue on such claim would only follow the rejection in whole or in part by the executor or administrator.

Counsel insist that the proceeding to subject to sale the land is not to be classed as a suit upon a money claim.   The claim for money, if allowed, would stand as a judgment equally as upon a formal revival.   The lien can not be enforced by execution, but only through the Probate Court.   The debt is the principal object of the suit.

The petition did not show that the judgment had been presented to the administratrix and rejected in whole or in part.   No right to sue in the District Court was shown, and the demurrer should have been sustained.

This case is distinguishable from Robertson v. Paul, 16 Texas, 472.   In that case Paul sued the administrator of Robertson for a balance due upon a purchase money note, which balance had been rejected by the administrator.   Robertson, on the purchase of the land, executed the note and a trust deed to secure the purchase money upon the land bought. After Robertson's death the trustee sold the land and credited the proceeds of the sale upon the note.   Claim for the balance was rejected, upon which the suit was brought.

The administrator appealed from the judgment establishing the claim. On appeal, Chief Justice Hemphill delivering the opinion holding the trustee's sale to be void, recognizes that "the price remaining unpaid the vendor has the better right or the superior title to the land," and "to vest an indefeasible title in the estate which shall render the property

subject to the payment of other claims upon it the purchase money must be paid." All the facts being before the court, the balance due having been sworn to, presented and rejected, the administrator claiming the land, the judgment below was reformed, the trustee sale set aside, and the entire claim and mortgage allowed and certified to the Probate Court, all costs being taxed against the plaintiff. Here the vendor is not a party. Cain & Cain are purchasers of the judgment. In their hands the claim is a secured debt, not the better title or superior right to the land. Cassaday v. Frankland, 55 Texas, 452.

The judgment below is reversed.

*Reversed and remanded.*

Opinion November 23, 1888.