## THE STATE OF TEXAS v. CHRISTIAN JORDAN AND WIFE.

Decided November 20, 1900.

**1.—Jurisdiction of District Court—Lien for Taxes—Homestead Allowance.**

Where, after the State had sued to foreclose a lien for taxes, the defendant died, and the property, taken by the widow at its valuation, was set aside to her by the probate court in lieu of the allowance for a homestead, the district court had jurisdiction to determine in the tax suit, to which the widow, as administratrix, was made a party, the question of priority between the tax lien and the widow's homestead allowance. Following George v. Ryon, 94 Texas.

**2.—Priority of Lien for Taxes Over Allowance for Homestead.**

When article 5175a of the Revised Statutes is construed in connection with other articles of the statutes relating to the same subject matter, it does not have the effect to exempt property set apart in lieu of an allowance for the homestead from the lien for taxes due thereon.

Appeal from Galveston. Tried below before Hon. William H. Stewart.

Vol. 25 Civil—2.

*Spencer, Kincaid & Sonfield,* for appellant.

*Maco & Clegg Stewart,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant, the State of Texas, against Christian Jordan and his wife, Mary Jordan, for the recovery of State and county taxes levied and assessed against lot number 5, in block 619, of the city of Galveston for the years 1886 to 1896, inclusive, and for interest and penalties. Appellant also sought to establish and foreclose the tax lien given by law upon the lot in question.

In January, 1899, Christian Jordan died, and his wife, Mary Jordan, having qualified as administratrix of his estate, made herself, as such administratrix, a party defendant to said suit. In bar of appellant's right to foreclose the lien, she pleaded that Christian Jordan, since the institution of the suit, had died intestate and insolvent, leaving herself and a minor child surviving him. That decedent, at the date of his death, owned no estate save the lot in question, which was his separate property. That said lot had been inventoried and appraised at $5000. That in the administration it had been made to appear to the probate court, before which it was pending, that neither she nor her deceased husband had owned a homestead, and the court had thereupon made her an allowance of $5000 in lieu thereof, and ordered the lot sold to satisfy such allowance. That thereupon she had exercised her right to take the lot in question at its appraised value in satisfaction of such allowance, and same had been set aside to her by the probate court free of all liens and claims. She prayed for judgment declaring the lot free from all liens and liability for the taxes sued for. The evidence adduced upon a trial before the court without a jury established the facts alleged by each party, and the trial resulted in a judgment in favor of the State for the sum sued for, but the property was adjudged to the widow and minor child free from the asserted lien.

The State has appealed, and assails this judgment as erroneous in so far as it adjudges the lot free from the lien for taxes levied and assessed against it. The action of the court in overruling the general demurrer to defendant's answer is first assigned as error, and in as much as the facts alleged in defense were established, a determination of the questions raised by this assignment will dispose of this appeal.

In overruling the demurrer the trial court sustained the contention of appellee that article 5175a of the Revised Statutes effectively exempted the property from the tax lien asserted by appellant, because the orders of the probate court constituted it the homestead of the surviving widow. We shall dispose of this appeal upon another ground than the proper construction of article 5175a.

This suit having been brought prior to the death of Christian Jordan, the district court in which it was instituted had jurisdiction to adjudge the validity of appellant's claim, the amount due thereon, to declare

the existence of the tax lien upon the property in question, and to certify the judgment to the probate court for payment in due course of administration. Jenkins v. Cain, 72 Texas, 88. The question of the superiority of the widow's claim for allowance in lieu of a homestead, over the State's claim for taxes due thereon, must be determined in that court. The defense interposed had no proper place in the pleadings of the defendant in this cause, and the general demurrer should have been sustained.

The district court was without jurisdiction to adjust matters affecting the classification of the claim in the probate court. Such questions are peculiarly within the jurisdiction of the probate court, and will arise there when the judgment is presented for classification and payment. Mortgage Co. v. Jackman, 77 Texas, 622; George v. Ryon, recently decided by this court.

There is an apparent conflict between the cases of Jenkins v. Cain and Mortgage Co. v. Jackman, supra, and we have found great difficulty in reconciling them. In the case first cited the cause had proceeded to judgment and foreclosure of lien upon land before the death of defendant, his death occurring before the levy of execution. On presentation the administrator rejected both the claim and the lien, whereupon suit was brought in the district court upon the judgment. The amount of the judgment being beneath the jurisdiction of the district court, the question of jurisdiction was raised. Justice Stayton, speaking for the Supreme Court, held that the cause was properly brought in the District Court, and that having acquired jurisdiction, it properly declared the existence of the lien and certified the judgment to the probate court for classification and payment.

In Mortgage Company v. Jackman, a later case, Justice Gaines, speaking for the court, held that as the claim sued on had been allowed by the administrator, and the lien alone rejected, suit was improperly brought to establish the lien. It was held that as the lien was a mere incident of the money claim, the question of its existence was exclusively within the jurisdiction of the probate court in classifying the claim. No reference was made to the case of Jenkins v. Cain, supra. In this decision the court seems to have given a controlling effect to the language of the statute authorizing suits against an administrator only when a *claim for money* against an estate has been rejected. Rev. Stats., art. 2082.

The distinction between the case cited and the case at bar lies in the fact that this suit was instituted against the decedent in his lifetime, and the administratrix became a party under article 1248 of the Revised Statutes, which provides that upon the death of a defendant the suit shall not abate, but upon suggestion of such death the administrator shall be made a party, after which the cause shall proceed against such administrator and such judgment rendered as may be authorized by law. To such a case article 2082 has no application. The fact that the order making the allowance to the widow has already been entered does

not deprive the probate court of the power to reopen the question and accord to appellant's claim its proper status upon timely presentation. The question as to this claim could not have been up for adjudication when the order was made.

For the reasons given, so much of the judgment of the trial court as adjudged the widow's allowance to be superior to appellant's lien is reversed, and judgment is here rendered establishing the existence of such lien. The judgment is in all other respects affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We have carefully considered the motion for rehearing filed by appellee in this cause, but have found no reason to change our opinion as to the disposition of this appeal. However, in view of the answer of the Supreme Court to certified questions in the case of George v. Ryon, 94 Texas, 317, the court, of its own motion, will consider and dispose of the question of the superiority of the allowance to the widow in lieu of a homestead, over the State's lien for taxes against the real estate so set apart to her.

We held in our former opinion that the probate court alone had jurisdiction to determine that question, it being a matter affecting the classification of the claim, but in answer to questions certified in the case of George v. Ryon, supra, the Supreme Court held that where the district court had once acquired jurisdiction of the cause, it could determine both the existence of the lien and such defenses as could properly be interposed against it. In that case it was held that a homestead claim could be properly interposed. We think it follows that such right as the widow acquired by the order of the probate court in setting apart this property to her as a homestead was properly pleaded in bar of plaintiff's lien, and the district court had jurisdiction to adjudicate the question.

Its correct determination rests upon the inquiry whether article 5175a of the Revised Civil Statutes exempts the homestead or property occupied in lieu thereof from the lien for taxes assessed against it. Article 5175a is as follows: "In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors by writs of attachment or otherwise, or where the estate of a decedent is or becomes insolvent, and the taxes assessed against such person or party or against any of his estate remains unpaid in part or in whole, the amount of such unpaid taxes shall be a first lien upon all such property, provided that when taxes are due by an estate of a deceased person, the lien herein provided for shall be subject to the allowances to widows and minors, funeral expenses, and expenses of last sickness. And such unpaid taxes shall be paid by the assignee when said property has been assigned, by the sheriff out of the proceeds of sale in case such property has been seized under attachment or other

writ, and by the administrator or other legal representative of decedents; and if such taxes shall not be paid, all said property may be levied on by the tax collector and sold for such taxes, in whomsoever's hands it may be found."

If this article stood alone, the action of the trial court might with good reason be upheld, but the article in question much be construed in the light of articles 2055, 2060, 2061, and 5183 of the Revised Statutes.

By article 2055 it is provided that the title of the widow and children to the property and allowances set apart to them, when the estate is insolvent, shall not be taken for the debts of the estate "except as hereinafter provided."

Article 2060 of the same chapter provides, among other things, that the homestead shall be exempt from forced sale for the payment of all debts except purchase money, *taxes due thereon,* and certain other named claims. The article last named is a substantial repetition of section 50, article 16, of the State Constitution.

Article 2061 provides that the exemptions, other than the homestead or allowance in lieu thereof, shall be liable for the payment of funeral expenses and expenses of last sickness, but for no other debts.

By article 5183 it is provided that no real estate set apart or designated as a homestead shall be sold for taxes, other than those due on such homestead.

Article 5086 of the Revised Statutes, enacted in 1876, makes all taxes on real estate a lien on the property against which they are assessed.

It thus appears that all taxes upon real estate constitute a lien against the particular property against which they are assessed. That by the Constitution itself the homestead is not exempt from the taxes due thereon, and that all subsequent legislation has recognized such liability, article 2060 of the Revised Statutes being a practical reiteration of the language of the Constitution on this subject. So that if it might properly be held that there was no constitutional inhibition against exempting the homestead from forced sale for its own taxes, we think it clear that the Legislature has never undertaken to exempt it.

It is plain to our minds that article 5175a, does not amount to an exemption, for it does not undertake to repeal any other legislation bearing upon the subject. Its evident purpose was to aid the State in the collection of her taxes, and it was not enacted for the benefit of individuals. It should be borne in mind that until the last named article was enacted, the State in no event had a lien on personal property for taxes, nor upon real estate except for the taxes due upon each separate piece. The effect of the article was to give the State a lien also upon all the property of an estate or individual (under the circumstances named in the article), so that all the property should be under a preference lien for all the taxes due by the individual or estate, without reference to the particular property against which it was assessed. To impose this new and additional lien upon the homestead and allowances to the widow and

children would have contravened the provision of the Constitution protecting the homestead against all taxes save its own. With this fact kept in view, the necessity for and meaning of the proviso become plain. The exemption was from the new lien created by the article itself. We are of opinion that the court erred in holding that the proviso exempted the allowance from the taxes due thereon. Our former decree is therefore so modified and reformed as to reverse the judgment of the trial court and to here render judgment for appellant, establishing the claim for taxes as sued for, establishing the lien upon the property in question as superior to the homestead allowance, and decreeing that the judgment be certified to the probate court of Galveston County to be paid in due course of administration.

*Reversed and rendered.*