## HUGGINS v. PHILLIPS.　(No. 195.)*

(Court of Civil Appeals of Texas. Waco. May 14, 1925. Rehearing Denied Oct. 8, 1925.)

**1. Garnishment ⬳58—Funds and properties in hands of fiduciaries appointed by court not subject to garnishment.**

Funds and properties in the hands of receivers, executors, administrators, and guardians as such, and subject to the control of the court appointing such fiduciaries, are in custody of law and exempt from garnishment.

**2. Garnishment ⬳61 — When property in hands of administrator subject to garnishment stated.**

Only when court has entered the decree for payment or distribution of property in hands of administrator, or where, in view of the proceedings in the administration of such property, nothing remains for custodian of such property to do except make payment and delivery to each person entitled thereto, is property subject to garnishment.

**3. Garnishment ⬳61 — Plaintiff held not to have shown facts entitling him to garnish estate in process of administration.**

Where plaintiff failed to show defendant's claim against estate was ever presented to administratrix for allowance, where the validity of such claim had never been established in county of administration, in view of Rev. St. arts. 3438, 3442, 3444–3447, 3449, 3450, 3452, and where it was not shown that county court of administration had entered order directing payment of such claim, that nothing remained for administratrix to do but pay claim, plaintiff had not shown facts which would entitle estate in hands of administratrix to be garnished.

**4. Garnishment ⬳61—Estate of deceased not garnishable on agreed judgment in another county against administratrix not in representative capacity, where judgment never became judgment of court of administration or enforceable therein.**

Where an agreed judgment was entered in another county establishing a debt against com-

munity estate of decedents, such judgment was insufficient to establish demand as valid claim against decedent's estate in county of administration, entitling estate to be garnished, inasmuch as it was not a judgment against the administratrix in fiduciary representative capacity, in view of Rev. St. art. 3449, and was never recognized by later court, and had never become judgment of such court, nor enforceable therein, in view of articles 3450, 3452.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by W. C. Huggins against J. B. Ring, wherein Mrs. Nina Ring Phillips, individually and as administratrix of the estates of Newton L. Ring and Mrs. Julia Ring, deceased, was named garnishee. From a judgment abating garnishment proceeding and discharging garnishee, plaintiff appeals. Affirmed.

Tirey & Tirey and Geo. W. Barcus, all of Waco, for appellant.

Witt, Terrell & Witt, of Waco, for appellee.

GALLAGHER, C. J. This is an appeal from a judgment of the district court abating a garnishment proceeding and discharging the garnishee, and is presented in this court as an agreed case.

Appellant, W. G. Huggins, sued J. B. Ring in the district court to recover judgment on certain notes, and sued out a writ of garnishment against Mrs. Nina Ring Phillips, individually and as administratrix of the estates of Newton L. Ring and Mrs. Julia Ring, deceased. Prior to the hearing on the garnishment proceeding, appellant recovered a judgment in the main case for the sum of $798.25, together with interest and costs of suit.

Newton L. Ring and Mrs. Julia Ring were husband and wife. Both are dead. He seems to have died before she did. He left a will, which was admitted to probate as a muniment of title. An administration was granted on her estate at the January term, 1923, of the county court of McLennan county. Mrs. Nina Ring Phillips, garnishee herein, qualified as administratrix of her estate. On July 23, 1923, administration with will annexed was granted on the estate of Newton L. Ring and Mrs. Phillips was appointed administratrix. The court also ordered the said two estates consolidated and administered as one, and further ordered that the inventory and appraisement of the separate estate of Newton L. Ring and of the community estate of Newton L. Ring and his wife, Julia Ring, be approved as the inventory of said estates in the consolidated cause. Mrs. Phillips qualified as administratrix and proceeded to administer said estates so consolidated. Both the separate estate of said Newton L. Ring and the community estate of himself and his wife owned real and personal property situated in both McLennan and Hill counties.

Newton L. Ring was indebted at the time of his death to J. B. Ring in the principal sum of $3,250. This was a debt of the commuity estate of himself and his said wife. This debt was not presented to said administratrix as a claim against said estates, or either of them, and was therefore never allowed by her as a claim against either estate and never approved as such by the county court.

On April 25, 1923, Nora Shirley and others brought suit in the district court of Hill county against Mrs. Nina Ring Phillips individually for partition of two tracts of land situated in said county. They made J. B. Ring a party defendant. On September 4, 1923, the court entered an agreed judgment in that case, establishing the said debt of J. B. Ring in the sum of $3,250, with interest from that date at the rate of 6 per cent. per annum, as a valid claim against the community estate of Newton L. and Julia Ring, deceased. Said judgment further directed the clerk of that court to certify the same to the county court of McLennan county for observance. Said judgment also appointed a receiver to sell the land involved in that case for partition, and directed him to deposit the proceeds of such sale in the registry of the court. Said judgment declared plaintiffs in said case entitled to four-fifths of the proceeds of such sale, and the defendant Mrs. Phillips entitled to one-fifth thereof, as devisees under the will of Newton L. Ring. Said judgment further provided that if said claim of J. B. Ring so established therein was not satisfied out of said community estate by reason of such estate proving insufficient to satisfy all claims against the same, that said claim, or the remainder thereof unsatisfied, should be satisfied out of the proceeds of the sale of said lands by the receiver. A copy of said judgment was filed with the county clerk of McLennan county and entered on the claim docket of the county court in the Ring estate. Said judgment was never allowed or approved by said administratrix nor by said county court, and no action of any kind was had in said court thereon.

Mrs. Phillips answered in the garnishment proceedings, denying individual liability, and setting up the facts above recited as to liability as administratrix. In that connection she stated that the said community estate was sufficient to discharge all claims against the same, including the claim of said J. B. Ring. This answer was not controverted. E. B. Muse and others intervened in said garnishment case, setting up assignments from J. B. Ring to them of the entire claim aforesaid. These assignments showed on their face that they were executed subsequent to the service of the writ of garnishment. Interveners pleaded in abatement of the garnishment suit that the debt sought to be subjected to the payment of appellant's judg-

ment was not subject to garnishment because said debt was owed by an estate in process of administration, the funds of which in the hands of the administratrix thereof were in custody of the law and under control of the county court, and no order had ever been made by that court directing the administratrix to pay said claim. The court heard said case, sustained said plea of abatement, and discharged the garnishee.

[1, 2] The points presented by appellant in his brief relate to the action of the court in sustaining said plea in abatement. The general rule announced by practically all the authorities is that funds and properties in the hands of receivers, executors, administrators, and guardians as such, and subject to the control of the court appointing such fiduciaries, are in custody of law and exempt from garnishment. This rule is based on public policy. It is not for the protection of the party entitled to the funds so held, but it is for the protection of the jurisdiction of the court administering the particular property or estate through such fiduciary. Its purpose is to prevent conflicts of jurisdiction and insure orderly judicial procedure in such administration. Such funds or property so held become subject to garnishment only when the reason for the application of such rule no longer exists. Accordingly, it is generally held that only when such court has entered a decree for payment or distribution, or where, in view of the proceedings in the administration of such property or estate, nothing remains for the custodian of such funds or property to do except to make payment or delivery to the person entitled, does the exemption from garnishment cease. Challenge Co. v. Sartin (Tex. Civ. App.) 260 S. W. 313, 314, 317; Turner v. Gibson, 105 Tex. 488, 151 S. W. 793, 43 L. R. A. (N. S.) 571; Downs v. Cason (Tex. Civ. App.) 250 S. W. 471; 28 C. J. § 93, pp. 77, 78.

[3, 4] Appellant has failed to bring himself within said exception to the rule. He has failed to show that J. B. Ring, the judgment debtor, had an established claim against said estate which the garnishee, as administratrix thereof, was authorized to recognize or pay. There is no contention that such claim was ever presented to the administratrix for allowance. Without such presentation and a rejection by her or a failure on her part to act thereon, the district court had no jurisdiction to adjudicate such claim. While Mrs. Phillips, the administratrix, was a party to the suit in the district court, she was such party in her individual capacity only, and not in her fiduciary capacity. The agreed judgment in the district court of Hill county was insufficient to establish such demand as a valid claim against the Ring estate. Revised Statutes, arts. 3438, 3442, 3444–3447, 3449, and 3450; Pierce v. Foreign Mission

Board (Tex. Com. App.) 235 S. W. 552; Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383, 388 (writ refused). While such judgment had been filed in the county court, where such administration was pending, and entered on the claim docket of said court as a claim against said estate, it was not a judgment against the administratrix as representative of the estate, as contemplated by article 3449 of the statutes, and it had never been recognized or classified by that court as provided by article 3450 thereof. It had never become a judgment of that court nor enforceable against said estate in due course of administration therein. Revised Statutes, arts. 3450 and 3452. Appellant also failed to show that the county court had entered an order directing the administratrix to pay said claim, or that such stage had been reached in the process of administering said estate where nothing remained for the administratrix to do but to pay the same to said J. B. Ring or his assigns. The administratrix may in her opinion have had funds in her hands sufficient to pay all claims against said estate, including the claim asserted by said J. B. Ring; still, appellant failed to show that the court administering said estate had judicially determined such to be the case, or had ordered the administratrix to make payment of the same.

The judgment of the trial court is affirmed.

BARCUS, J., took no part in the decision of this case.