COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Olga de la Cerda-Cabrera, Independent Executrix of the Estate of
Rosie A. Zuniga, Deceased, Appellant v. Chase Manhattan Bank USA,
N.A.; Hull & Associates, P.C. a/k/a James N. Hull & Associates, P.C.;
James N. Hull; and Palisades Collection, LLC, Appellees

Appellate case number:   01-11-00320-CV

Trial court case number:  2009-65455

Trial court:              61st District Court of Harris County

Appellees Chase Manhattan Bank USA, N.A.; Hull & Associates, P.C. a/k/a James N. Hull & Associates, P.C.; James N. Hull; and Palisades Collection, LLC argued in their appellate brief that Rosie A. Zuniga's declaratory judgment claims were mooted by her death during the pendency of this appeal.  We construe appellees' argument as a motion to dismiss the appeal for want of jurisdiction.

After learning of Zuniga's passing, we asked Zuniga's counsel to file a supplemental brief explaining what effect, if any, her death had on this appeal.  Olga de la Cerda-Cabrera was subsequently appointed Independent Executrix of Zuniga's estate.  Cerda-Cabrera ratified the contract with Zuniga's attorneys and authorized them to proceed with the appeal.  In her supplemental brief, Cerda-Cabrera argued that Zuniga sought "a declaratory judgment that the Texas post-judgment garnishment statute, as implemented, violates the due process clause of the Fourteenth Amendment and the Supremacy Clause," and, as such, her claim was cognizable under both the Declaratory Judgment Act and 42 U.S.C. § 1983.  She argued that § 1983 claims survive to and in favor of the heirs, legal representatives of the person's estate, and therefore, to the extent that declaratory relief was sought under § 1983, the declaratory judgment action should survive Zuniga's death as well.

Appellees argued that because Zuniga died after she filed her notice of appeal, her declaratory judgment claims were moot because there will be no further opportunity to garnish her bank accounts.  According to appellees, those accounts will either be devised in a will or pass through intestacy laws, and the garnishment statutes will no longer affect Zuniga.

It is well settled that a money judgment obtained against a decedent during his lifetime is a claim that must be presented to the executor or administrator and enforced through the probate court.  *See Jenkins v. Cain*, 72 Tex. 88, 10 S.W. 391 (1888); *Dent v. A. Harris & Co.*, 255 S.W.

221 (1923); *see also First Nat. Bank of Bowie v. Cone*, 170 S.W.2d 782 (Civ. App. 1943), writ ref'd; *Long v. Castaneda*, 475 S.W.2d 578 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.). Generally, funds and other property that are in hands of an executor are considered to be in the custody of the law, and are therefore exempt from garnishment. *See Huggins v. Phillips*, 275 S.W. 1084 (Tex. Civ. App.—Waco 1925, writ dism'd). The purpose of this general rule is to prevent conflicts of jurisdiction from one court to another and to insure orderly judicial procedure in the administration of the funds. *Id.* Once a court has entered a decree or order for the distribution of the funds and nothing remains for the custodian of the funds to do but to make delivery or payment to the person entitled, however, the rule of exemption from garnishment ceases. *See Sw. Bell Tel. Co. v. Watson*, 413 S.W.2d 846, 848 (Tex. App.—Corpus Christi 1967, no writ). Zuniga was living off of her social security benefits at the time of her death and the judgment in favor of appellees was only partially satisfied by the garnishment proceeding. Thus, even though Zuniga, individually, will no longer be affected by the garnishment statute, there is a strong possibility that her estate may be affected by the statute in the future.

Appellees' motion to dismiss appellant's declaratory judgment claims is DENIED.


Judge's signature: /s/ Jim Sharp
            ☑ Acting individually    ☐ Acting for the Court


Date: August 26, 2013