### B. L. TURNER v. N. M. GIBSON.

No. 2270. Decided December 18, 1912.

1.—Garnishment—Custodia Legis.

The surplus of proceeds of an execution sale remaining in the sheriff's hands after satisfying the execution, is subject to garnishment at suit of a creditor of the defendant in execution for whom the sheriff holds it. (P. 489.)

2.—Same.

The sheriff is required to appropriate the surplus of proceeds of execution sale upon any other execution against the same debtor coming to his hands (Rev. Stats., 1911, art. 3778) and the courts have a like power to reach such surplus in his hands through garnishment at suit of another creditor of the execution debtor entitled to such surplus. (P. 490.)

Question certified from the Court of Civil Appeals for the First District in an appeal from Harris County.

*Jacob C. Baldwin* and *Charles H. Taylor,* for appellant. The funds were not in custodia legis and were subject to garnishment. Cook v. Gatewood, 43 Texas, 185; Leroux v. Baldus, 13 S. W., 1019 (opinion by the Commission of Appeals, approved by the Supreme Court); Hamilton v. Ward, 4 Texas, 365; Reid v. Walsh, 63 S. W., 941; Drake on Attachment, paragraphs 492, 503, 504, 508; 20 Cyc. 1024, paragraph 3, and authorities there cited.

*Woods & Graham,* for appellee.—The funds in the hands of appellee, sheriff, having been received by him in his official capacity, same were in custodia legis and not subject to garnishment. Curtis v. Ford, 78 Texas, 262; Pace v. Smith, 57 Texas, 555; Loftus v. Williams, 24 Texas Civ. App., 393; Richardson v. Anderson, 18 S. W., 195; Sweetzer v. Claflin, 74 Texas, 667; Edwards v. Norton 55 Texas, 405; 20 Cyc., 1023-4.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the First Supreme Judicial District, as follows:

"In the above styled cause pending in this court on appeal from the County Court of Harris County, the appellant seeks to subject to a writ of garnishment money in the hands of appellee, Gibson, who is sheriff of Brazoria County. This money is the excess of the proceeds of a sale by Gibson under execution of property of appellant's debtor, remaining in his hands after satisfying the writ of execution under which the property was sold. The trial court held that the money having come into the hands of the shirff by virtue of his office is in *custodia legis* and for that reason not subject to garnishment.

"Upon consideration of this question at a former day of this term this court reached the conclusion that the rule announced in Pace v. Smith, 57 Texas, 555, and in Loftus v. Williams, 24 Texas Civ. App., 393, 59 S. W., 291, does not require a holding that the surplus in the hands of appellee is not subject to garnishment, and reversed the judgment of the court below and rendered judgment for appellant. Appellee has filed a motion for rehearing, and being in doubt as to the correctness of our holding, and the question being of general importance and the case not being one in which a writ of error will lie, we deem it advisable to certify for your decision the following question:

"Upon the facts stated, did the trial court err in holding that the money in the hands of the sheriff was not subject to garnishment?"

We answer, the trial court erred in holding that the money in the hands of the sheriff was exempted from the writ of garnishment.

The opinion of the Chief Justice of the Court of Civil Appeals in this case correctly disposes of the question of law involved, and is approved. Our Supreme Court has gone quite far on the question of protection to property from legal process in the hands of officers

of the law, but no decided case by this court will sustain the action of the District Court.

Article 3778, Revised Civil Statutes of 1911, reads: "If, on the sale of property, more money is received than is sufficient to pay the amount of the execution or executions in the hands of the officer, the surplus shall be immediately paid over to the defendant, his agent or attorney."

Clearly the surplus of the sale becomes the property of the judgment debtor and he is entitled to receive it at once. If, however, the sheriff should have another execution in his hands against that party, he would be required by law to levy upon that surplus, and could be held responsible if he failed to do so. Hamilton v. Ward, 4 Texas, 356; Walton v. Compton, 28 Texas, 569; Mann v. Kelsey, 71 Texas, 609.

It would be peculiar logic which would hold that the sheriff must condemn the money in his possession to the payment of another execution against the same party, yet a court could not do the same by regular proceeding of garnishment.

The principle which underlies the doctrine of "custodia legis" does not look to the protection of the debtor's property, but protects the jurisdiction which has attached from invasion by another tribunal or officer.

There is apparent conflict in cases decided by this court, but we believe that they have distinguishing features, although they may not be reconcilable on principle. We are of opinion that the statute which requires the sheriff to immediately pay the surplus to the defendant has the effect to fix the right in him to possession of it, and, being so entitled to possession, it is subject to seizure for his debt by execution in the hands of the same officer, or by garnishment from a court. Drake on Attachments, sec. 251. After stating the rule which would deny the right to appropriate the surplus created by execution sale by other process, Mr. Drake in his work on Attachments says:

"This rule, however, applies only where the sheriff is bound, *virtute officii*, to have the money in hand to pay to the execution sheriff; and not to cases in which he has in his possession, after satisfying the execution, a surplus of money, raised by the sale of property. Such surplus is the property of the execution defendant, and being held by the sheriff in a private, and not in his official, capacity, it may be attached in his hands." This proposition is supported by these cases: Burleson v. Milan, 56 Miss., 339; Jacquett's Adner v. Palmer, 2 Harr. (Del.), 144.

We find no case in any State where the sheriff was authorized to levy upon money in his own hands that denies the right to garnish such funds. The distinction made in many of the cases is exceedingly technical and believing that our rule is just and consistent we will adhere to it.