**CHALLENGE CO. v. SARTIN.     (No. 9056.)**

(Court of Civil Appeals of Texas. Dallas. March 8, 1924.)

1. **Execution** ⬤�longdash⟩55—**Garnishment** ⬤�longdash⟩58— **Funds in custodia legis exempt from levy and garnishment.**

Generally, funds and properties in the hands of receivers, trustees in bankruptcy, disbursing officers, sheriffs, clerks, executors, administrators, and guardians, when held in obedience to law, or subject to the control of the court, are in custodia legis, and exempt from levy and garnishment, but where a decree for distribution has been entered, or nothing remains for the custodian to do but to make delivery or payment to the person entitled, the exemption ceases.

2. **Garnishment** ⬤⟶60—**Funds directed to be paid by receiver subject to garnishment.**

Where claims against a receivership had been established and classified, and receiver ordered to pay them according to classification, and claims down to the fifth class, under Rev. St. art. 2135, had been paid, and the remainder of the receivership funds was apportioned to claims of the fifth class which were paid except the instant claim, such balance was subject to garnishment in the receiver's hands; the fact that claims of the fifth class were claims resulting from the receiver's own contracts not preventing such result.

3. **Garnishment** ⬤⟶60—**Writ against receiver held to reach funds, application of which to claims court directed after service of writ and before answer.**

Where, after service of writ of garnishment on a receiver, pursuant to Rev. St. arts. 274, 276, summoning him to appear and answer as to his indebtedness to the principal defendant, the court ordered the receiver to pay claims of the class to which such debt belonged and after such order and before the return day of the writ the garnishee filed his answer stating that he was indebted to the principal defendant at that time and at the

time of the service of the writ in a specified sum, the writ was effectual to reach receivership funds to the extent of the amount so admitted to be due.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Challenge Company against the E. & P. Oil Company, an association, in which B. D. Sartin, receiver of the Southwestern Producing & Refining Company, was named as garnishee. From judgment sustaining garnishee's motion to quash writ of garnishment, plaintiff appeals. Reversed, and remanded with instructions.

Burgess, Burgess, Sadler, Christman & Brundidge, of Dallas, for appellant.

Bailey, Nickels & Bailey, of Dallas, for appellee.

LOONEY, J. The Challenge Company, a corporation, sued E. & P. Oil Company, a joint-stock association, in the Forty-Fourth judicial district court, Dallas county, to recover a debt in the sum of $1,725.

During the pendency of the suit, and before judgment, plaintiff applied for and secured the issuance of a writ of garnishment in due form to compel B. D. Sartin, receiver of the Southwestern Producing & Refining Company, to answer as to his indebtedness as receiver to the E. & P. Oil Company. The writ of garnishment was served on November 2, 1922, returnable to the term of the court that convened January 1, 1923. On December 11, 1923, the garnishee answered the writ, by motion to quash, on the ground that the garnishee was acting as receiver under appointment by the Seventy-Eighth judicial district court of Wichita county, Tex., and, as such, the funds in his possession were not subject to garnishment.

Subject to the motion to quash and the action of the court thereon, garnishee answered that he was at the time of the answer, and of the service of the writ, indebted to the defendant E. & P. Oil Company, in the sum of $516.30.

The case was tried by the court without a jury on an agreed statement of facts, and resulted in a judgment sustaining appellee's motion to quash. The suit was thereupon dismissed, to which action of the court the appellant excepted, gave notice of, and has perfected its appeal.

The facts as agreed to are substantially as follows:

B. D. Sartin, as receiver of the Southwestern Producing & Refining Company, was indebted to the defendant E. & P. Oil Company for crude oil sold to the receivership and used in operating the refinery under his charge.

In May, 1921, the master in chancery classified the claims against the receivership as provided by article 2135, Revised Civil Statutes, and the claim of E. & P. Oil Company was classified as belonging to the fifth class mentioned in the statutes. In November, 1922, the receiver sold all property belonging to the Southwestern Producing & Refining Company; the sale was confirmed by the court, and, on or about November 20th, 1922, the court entered an order authorizing the receiver to pay the funds in his hands in discharge of the claims in the order of classification. The receiver paid all costs and expenses and claims down to class 5, and apportioned the balance of the money on hand among the several creditors of class 5, and paid the same accordingly, except the amount apportioned to E. & P. Oil Company, to wit, $516.30, which was ready to be paid and would have been paid but for the service of the writ of garnishment.

By appropriate assignments appellant complains of the action of the court below in quashing and dismissing the garnishment proceedings and in refusing to render judgment in its favor on the answer of the garnishee.

The question for our decision is whether, under the admitted facts, the fund in the hands of the garnishee apportioned and ordered paid to the E. & P. Oil Company, was garnishable at the suit of appellant? Appellee contends, and the court below adopted the view, that the fund was in custodia legis, and not subject to garnishment.

[1] The general rule, universally recognized, is that funds and properties in the hands of receivers, trustees in bankruptcy, disbursing officers, sheriffs, clerks, executors, administrators, and guardians, when held in obedience to law, or subject to the control of court, are in custodia legis and exempt from levy or garnishment. This rule is based upon a public policy to prevent conflicts of jurisdiction and insure an orderly judicial procedure. Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852, and cases cited; 28 C. J. 71, and notes.

This general rule, however, has its modifications, and should end when the reason for its application no longer exists. Accordingly, it is generally held that where the court enters a decree for distribution, or where, in view of events, nothing remains for the custodian of the fund or property to do but to make delivery or payment to the person entitled, the exemption from levy and garnishment ceases. This modification of the general rule seems to be based on good reason and common sense, and is supported by the overwhelming weight of American authority.

[2] In this case all claims against the receivership had been established and classified by the master in chancery, all properties in the hands of the receiver had been sold under orders of court, the sales approved, and an order entered directing the receiver to pay the claims according to classification. The claim of E. & P. Oil Company had been approved along with other claims in the fifth

class, described in article 2135, Revised Statutes, and the receiver paid all the claims down to class 5, and apportioned the remainder of the money on hand and paid said apportionment on all claims in the fifth class, except the amount apportioned to the claim of E. & P. Oil Company, and would have paid this but for the service of the writ of garnishment.

These facts bring the case clearly within the exception to the general rule mentioned above. The court had fully administered the affairs of the receivership, had entered its final order, in so far as establishing claims and providing for the distribution of the funds were concerned, and there remained nothing to be done by the receiver except to make payments to the respective claimants.

The cases cited by appellee have received most careful consideration. In the main they all come within the general rule, and are not in point on the question under consideration. There are three cases, however, to which our attention has been called, that seem to support the contention of appellee. The first is the case of Pace v. Smith, 57 Tex. 555, in which an original attachment was levied upon goods that were sold under orders of the court, and the proceeds deposited with the clerk. The attachment was quashed and the money ordered paid to the defendant. Thereupon a writ of garnishment was sued out and served on the clerk. In this case the Supreme Court held that the money was in custodia legis and not subject to garnishment. This decision was not unanimous, as a very strong dissenting opinion was filed by Justice Bonner.

The case of Curtis v. Ford, 78 Tex. 269, 14 S. W. 614, 10 L. R. A. 529, was very similar in its essential facts to the case of Pace v. Smith, supra. In the Curtis-Ford Case, money was paid into the hands of the district clerk, being the proceeds of the sale of cattle that had been sequestered and sold by the sheriff. The case was removed from the state to the federal court, and, in the latter court, the money was adjudged to belong to Wells, the defendant in the action for debt. The argument was strongly made that, as the case had terminated and the right to the fund in the hands of the clerk was adjudged to be in the defendant to the suit, the reason for the rule that protects funds in custodia legis from garnishment no longer existed. This argument was answered by the court, to the effect that the exception to the general rule was not recognized in this state, and that, so long as the funds remained in the hands of the officer, they were not subject to garnishment. The only authority cited by the court was Pace v. Smith, supra.

A later case to the same effect is Loftus v. Williams, 24 Tex. Civ. App. 393, 59 S. W. 291. In the Loftus Case the Court of Civil Appeals recognized that the weight of authority was to the contrary, and, in stating the reason for its decision, used the following language:

"But our Supreme Court has held in at least two cases that money in the hands of the clerk of a court for payment to a debtor is in custodia legis, and cannot be garnished"—citing Pace v. Smith, and Curtis v. Ford, supra.

The doctrine of the cases just referred to was, to all intents and purposes, overturned by the Supreme Court in the case of Turner v. Gibson, 105 Tex. 488, 151 S. W. 793, 43 L. R. A. (N. S.) 571. In this case the Supreme Court affirmed a decision rendered by the Court of Civil Appeals of the Galveston District, holding that funds in the hands of a sheriff after the satisfaction of an execution are subject to garnishment. The court, by Chief Justice Brown, used the following language:

"The principle which underlies the doctrine of 'custodia legis' does not look to the protection of the debtor's property, but protects the jurisdiction which has attached from invasion by another tribunal or officer. There is apparent conflict in cases decided by this court; but we believe that they have distinguishing features, *although they may not be reconcilable on principle*. [Italics ours.] We are of opinion that the statute which requires the sheriff to immediately pay the surplus to the defendant has the effect to fix the right in him to possession of it, and, being so entitled to possession, it is subject to seizure for his debt by execution in the hands of the same officer, or by garnishment from a court [citing Drake on Attachments, § 251]. After stating the rule which would deny the right to appropriate the surplus created by execution sale by other process, Mr. Drake, in his work on Attachment, says: 'This rule, however, applies only where the sheriff is bound, virtue officii, to have the money in hand to pay to the execution sheriff, and not to cases in which he has in his possession, after satisfying the execution, a surplus of money raised by the sale of property. Such surplus is the property of the execution defendant, and, being held by the sheriff in a private, and not in his official, capacity, it may be attached in his hands.' This proposition is supported by these cases: Burleson v. Milan, 56 Miss. 399; Jacquett v. Palmer, 2 Har. (Del.) 144."

Another case indicating that our courts have broken away from the early doctrine and are now in harmony with the current of American authority, is that of Gulf National Bank v. Shelton (Tex. Civ. App.) 182 S. W. 337. In discussing the question thus presented, Justice Moursund reviewed the decisions from a number of other states on the subject, as well as the text-books on the law of administrations, executions, and attachments, and, quoting from Freeman on Executions, at page 339, says:

"When the share of a creditor, heir, legatee, ward, or other person entitled to moneys in the hands of an administrator, executor, or guardian, has been settled by the court and

ordered to be paid, it is no longer regarded as in custody of the law. The right to it has become fixed absolute and capable of enforcement by action at law. It may therefore be garnished."

The case of Downs v. Cason, 250 S. W. 471, involved a garnishment served on a temporary administrator. Justice Smith, of the San Antonio Court of Civil Appeals, after stating the general rule that money or property in custodia legis is not subject to garnishment, attachment, or levy, refers with approval to the opinion of Justice Moursund in Bank v. Shelton, supra, in the following language:

"While the foregoing is the general rule, it is probably true that it does not hold good after entry of a decree ordering the distribution of the estate, as by such decree each share is finally and definitely ascertained, and a cause of action exists therefor in favor of the respective distributees against the administrator. * * * But garnishment being a special proceeding, the statute must be strictly construed against those claiming its benefits, upon whom rests the burden of affirmatively showing their right to recover. This being true, it devolved upon the garnishor here to show that at the time the writ was issued and served upon the administrator the administration had proceeded so far that the amount, if any, owing to the judgment debtor had been definitely ascertained and its payment decreed."

Another case to the same effect is that of Boylan v. Hines, 62 W. Va. 486, 59 S. E. 503, 13 L. R. A. (N. S.) 757, 125 Am. St. Rep. 983, from the Supreme Court of West Virginia. In the course of the opinion the court reviewed the authorities, generally, on the right to garnish receivers, and announced the doctrine in harmony with the weight of American authority. The sole question presented was stated as follows:

"Are special commissioners in a chancery cause, who have in their hands money arising out of said cause, belonging to a judgment debtor, and the amount of which by decree therein has been directed to be paid to the said owner, liable as garnishees of such judgment debtor upon proper suggestion proceedings in the premises?"

It seems that special commissioners in chancery in West Virginia correspond to receivers in the courts of Texas. The court, after stating the rule that money or property in custodia legis is not subject to garnishment, and that a public officer of any name or nature is beyond the reach of the process of garnishment when he holds the fund or property in his official and public capacity, and is accountable merely as an officer, uses the following language:

"The reason for such rule is well founded and clearly known. The due and orderly administration of the law is not to be interfered with by such process. *But 'the reason of the law is the life of the law,' and, when the reason for a rule ceases, so does the rule.*" (Italics ours.)

The opinion proceeds:

"Does an officer hold money in his official capacity after he has been directed by the court, whose instrument he is, to pay the same to the party to whom it belongs? Is not his legal custody, and through him the custody of the law, then at an end? After such direction of the court, and before his payment pursuant thereto, to whom is his liability? The custody then rightfully belongs to the owner. The officer thereafter holds the money for him, not for the law, because the law has done with it and fulfilled its administration."

The opinion of the court concludes as follows:

"And in support of this is the great weight of modern authority. In Wade on Attachment § 424, it is stated: 'The authorities seem to concur in holding receivers and similar officers liable to garnishment, when they have in their hands a definite sum to which the defendant or the judgment debtor is clearly entitled, and the officer has nothing more to do with the fund than to pay it over. Some of them may go beyond, but none, so far as they have been examined, fall short of this conclusion.' And a most extensive examination of the books leads us to an approval of the author's statement. The author in the same section tells us that it is held with considerable unanimity that when defendant has a right to a certain distributive share of the funds in the hands of a receiver, master in chancery, or trustee of court, such officer may be garnisheed by a creditor of the party so entitled after the court has ordered it to be paid."

Mr. Shinn (Shinn on Attachment and Garnishment at section 506) announces the same doctrine in the following language:

"When the purpose of the legal custody has been accomplished and the only duty of the officer is to pay the money to the principal defendant in garnishment, the officer may then be held as garnishee."

He also says:

"Money in the hands of a clerk of the court, which has been ordered to be paid, may be secured by process of garnishment served upon the clerk."

And again he says:

"Official duty ceases when the court directs the officer to pay over the fund. After the confirmation of a sale by a commissioner and an order of distribution of the purchase money of the land sold, such commissioner may be held as garnishee."

In Tardy's Smith on Receivers, vol. 1, pp. 101, 102, we find the following language:

"Of course the general rule is that property in custody of court is not subject to garnishment except by leave of the court, but this general rule does not apply where nothing remains for the receiver to do but to pay money on a final decree, since in such circumstances the garnishment proceedings cannot interfere with the jurisdiction of the court or its authority to deal with the controversy or fund before it."

In Robertson v. Detroit Pattern Co., 152 Mich. 612, 116 N. W. 196, 15 Ann. Cas. 131, it was held that a creditor may, without leave of court, garnish a receiver of the principal debtor to secure the fund which the receiver has been directed to pay by a final decree.

Thus it is apparent that the later cases from our courts have broken away from the doctrine of the earlier, that the recent expressions from our courts are in harmony with the weight of current authority, and are based upon better reason.

In Turner y. Gibson, supra, Judge Brown, referring to the earlier cases on the subject and recognizing the conflict, used this language:

"There is apparent conflict in cases decided by this court; but we believe that they have distinguishing features, although they may not be reconcilable on principle."

An examination of these earlier cases will readily show that, while they possess the usual distinguishing features, it will also readily appear that they cannot be reconciled on principle with Turner v. Gibson; hence it must follow that the doctrine of the latter overturns the doctrine of the former.

Appellant makes the further contention that, by force of article 2135, Revised Civil Statutes, it was the duty of the receiver to pay the claims resulting from his own contracts, and that it was not within the power of the court, if it should have attempted, to decree otherwise. This statute, so far as pertinent, contains the following language:

"All moneys that come into the hands of a receiver as such receiver shall be applied as follows: First. * * * Second. * * * Third. * * * Fourth. * * * Fifth, to the payment of all claims and accounts against the receiver on contracts made by the receiver during the receivership."

In Turner y. Gibson, supra, Judge Brown, referring to article 3778, Revised Statutes, relating to the sale of property under execution by sheriffs and constables, quoted the following language from the statute:

"If, on the sale of property, more money is received than is sufficient to pay the amount of the execution or executions in the hands of the officer, the surplus shall be immediately paid over to the defendant, his agent or attorney."

And then proceeds to say that—

"Such surplus is the property of the execution defendant, and, being held by the sheriff in a private, and not in his official, capacity, it may be attached in his hands."

We fail to distinguish, on principle, any difference between the status of a surplus of money in the hands of the sheriff or constable which under the law he "shall immediately pay over to the defendant, his agent or attorney," and money in the hands of the receiver in the case under consideration, which, under the statute, and under the order of the court, he was required to disburse for "the payment of all claims and accounts against the receiver on contracts made by the receiver during the receivership."

[3] But it is insisted by appellee that the validity vel non of the garnishment proceedings must be judged as of the time of the filing of the affidavit and bond and the issuance and service of the writ, and that the subsequent proceedings in ·the receivership suit cannot have the effect of relating back to such time and curing the vices in the garnishment.

This proposition' is urged by appellee in view of the fact that the order of the court, directing the receiver to pay out the money in his hands in satisfaction of the approved and classified claims, was entered after the writ of garnishment was served, and therefore there was nothing in the hands of the garnishee at the time of the service of the writ to be impounded.

We cannot assent to the correctness of this proposition. Article 274, Revised Statutes, with respect to the issuance of the writ of garnishment provides that it shall—

"summon the garnishee to appear before. the court out of which the same is issued, on the first day of the ensuing term thereof, to answer upon oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served."

Article 276 prescribes the form of the writ and is in harmony with the provisions of article 274. Omitting the formal parts, it provides:

"Therefore you are hereby commanded forthwith to summon the said ——, if to be found within your county, to be and appear before the said court at the next term thereof, to be held at ——, in said county, on the —— day of ——, 19—, then and there to answer upon oath what, if anything, he is indebted to the said ——, and was when this writ was served upon him," etc.

The writ of garnishment in this case was served on appellee on the 2d day of November, 1922, prior to the entry of the order of the court in the receivership case directing the distribution of the fund and the payment of claims. The garnishee, however, prior to the return day of court but after the order of distribution was entered, on the 11th day of December, 1922, filed his answer to the writ of garnishment, in which he answered that he was indebted to E. & P. Oil Company at that time, and at the time of the service of the writ, in the sum of $516.30. Evidently the status was the same then as on the first Monday in January, the return day, at which time he could, if necessary to accomplish any useful purpose, have been com-

pelled to answer the status on appearance day.

In the case of Gause v. Cone, 73 Tex. 239, 11 S. W. 162, there was involved the garnishment of rents, which accrued altogether between the service of the writ of garnishment and the date of the garnishee's answer. The trial court held that the fund was not subject to the writ, but the Supreme Court reversed the judgment and sustained the garnishment.

At page 241 (11 S. W. 163) Associate Justice Henry, for the Supreme Court, said:

"The case of Mensing v. Engelke, 67 Tex. 532, seems to recognize the doctrine that the writ binds an indebtedness accruing between the service of the writ and the date of the answer. It does not change the result if the debt is not due or fully earned at the date of the service of the writ if it shall have fully accrued at the date of the answer."

In Gallagher v. Pugh (Tex. Civ. App.) 66 S. W. 118, a writ of garnishment was issued April 15th, served the same day, commanding the garnishees to answer on the 1st day of July, 1901. On the 1st day of May, 1901, the garnishees answered denying indebtedness. On July 2, 1901, a motion was made to strike out their answer because prematurely filed, and to require them to answer covering the period between the date of the service of the writ and the 1st day of July, being the first day of the term of court. The motion was overruled, and, on appeal, Chief Justice Fisher, for the Court of Civil Appeals, in an opinion reversing the action of the trial court, at page 119, col. 2, said:

"It seems to be the settled doctrine in this state that from the date of the service of the writ to the filing of answer the garnishee can be held liable for any indebtedness created during that interval."

These statutory provisions and their interpretation by the courts conclusively answer appellee's contention in this respect.

In harmony with these views, it is the opinion of the court that the fund in the hands of the appellee was subject to garnishment, and that the trial court erred in quashing the garnishment proceedings and dismissing the same.

The judgment of the court below will be reversed, but cannot be rendered for the reason that it does not appear that judgment has been rendered in favor of appellant against E. & P. Oil Company in the main suit. The cause will therefore be remanded, with instructions to the trial court to enter judgment in favor of appellant against appellee for the amount of appellee's indebtedness to E. & P. Oil Company as exhibited in his answer, when it shall be made to appear to the trial court that appellant in the main case has obtained judgment against E. & P. Oil Company in an amount equal to or in excess of the amount of the garnishee's indebtedness, or, if judgment in the main case is for a less sum than the garnishee's indebtedness to E. & P. Oil Company, then the judgment shall be in favor of appellant against appellee for the full amount of the judgment in the main case.

Reversed, and remanded with instructions.