**HOULLE v. MARTIN, District Court Clerk.**
**No. 3937.**

Court of Civil Appeals of Texas. Texarkana.
Jan. 8, 1931.

Barret Gibson, of Marshall, for appellant.

Scott, Casey & Hall and Beard & Abney, all of Marshall, for appellee.

LEVY, J. (after stating the case as above).

The appellant contends that the funds in the hands of the district clerk, although placed in his custody by order of the court, were not exempt from garnishment because such funds were a surplus of money from the property of the Watters Oil Company and was its absolute property at the time of the service of the writ of garnishment. It is believed that the trial court did not err in discharging the garnishee in the facts of the case. The discharge of the receivers had the effect only to terminate their duties and authority. Their services, as shown in the application for discharge, were no longer necessary for the preservation and protection of the defendant's property. But in the discharge of the receivers there was not a surrender of jurisdiction by the court over the assets of the defendant Watters Oil Company collected by the receivers, for the court expressly directed the clerk "to receive and receipt for the money" and "to hold the remaining balance of said money in the registry of this court, subject to the further order of this court." By the terms of this order, then, the clerk was holding the funds

by order of the court. It was within the power of the court to require the funds collected by the receivers to be held to be applied as the court may thereafter direct, for the suit of Whitworth against the Watters Oil Company in which the receiver was appointed was still pending and undetermined, although all other claims had been paid. 28 C. J. p. 72; Kreisle v. Campbell, Receiver, 89 Tex. 104, 33 S. W. 852; see Challenge Company v. Sartin (Tex. Civ. App.) 260 S. W. 313. The facts here do not bring the present proceedings within the case of Turner v. Gibson, 105 Tex. 488, 151 S. W. 793, 43 L. R. A. (N. S.) 571. The appellant's remedy was not by garnishment, but by proper application before the court to have his claim paid.

The judgment is affirmed.