**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**Lewis W. WATSON, Appellee.**

**No. 257.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 23, 1967.

James N. Stofer, of Proctor, Houchins, Anderson, Smith & Null, Victoria, for appellant.

No appearance for appellee.

## OPINION

NYE, Justice.

The appellant brought garnishment proceedings against the Sheriff of Jackson County, Texas, as garnishee, seeking funds held by him. It was alleged that these funds belonged to one Helvenston and that the appellant had an unsatisfied judgment against said Helvenston. The trial court held that these funds in the hands of the Sheriff were held by him in custodia legis in his official capacity as Sheriff and therefore such were not subject to garnishment. Appellant has perfected its appeal to this court contending in a single point that the trial court erred in such holding.

The case was tried to the court without a jury. Most of the facts are either stipulated or undisputed. Other facts relevant to a decision in this case are taken from appellant's brief, unchallenged by the appellee, and are therefore accepted by this court as correct. Rule 419, Texas Rules of Civil Procedure.

Appellant in its application for writ of garnishment stated under oath that it had obtained two judgments against Helvenston; that the judgments were final, valid, and subsisting and remained wholly unsatisfied; that Helvenston did not (within appellant's knowledge) have property in his possession within the State of Texas subject to execution sufficient to satisfy the judgments; and that appellant had good reason to believe and did believe that the Sheriff was indebted to Helvenston or had in his hands, effects belonging to Helvenston.

The Sheriff admitted, that he had in his hands $1,000.00 in the form of cashiers checks and that they were received by him pursuant to a separate district court order concerning the criminal trial and sentence of one Bill Lindsey.

Appellant introduced into evidence a certified copy of this judgment ordering the sentencing of Bill Lindsey. It showed that Lindsey was found guilty of a crime of em-

bezzlement and was placed on probation for a term of nine years. As a condition to such probation, Lindsey was ordered to make restitution for the money and property wrongfully taken by him. This restitution order required Lindsey to pay to the Sheriff the sum of $1,000.00 on or before the first day of February, 1966, and a like sum each year thereafter until the full amount of $6,000.00 had been paid. The order in turn authorized the Sheriff to disburse the payments so received to the "injured parties".

Appellant contends that the injured parties referred to in the above order are in reality one person and that person is Helvenston. Therefore, pursuant to this order the Sheriff had nothing further to do at the time the writ of garnishment was served upon him, except to make payment of these funds to Helvenston.

■ Generally speaking the rule is that property in the custody of the law is not subject to garnishment. However, we are not persuaded that this broad statement is applicable to the facts before us. The rule was not formulated for the protection of the party entitled to the funds, but as applied, the rule is enforced by the courts to preserve the jurisdiction of the court administering the particular property. Its purpose is to prevent conflicts of jurisdiction from one court to another and to insure orderly judicial procedure in the administration of the funds. Huggins v. Phillips, 275 S.W. 1084 (Tex.Civ.App.—Waco 1925, writ dism'd); Turner v. Gibson (Sup.Ct.1912), 151 S.W. 793, 43 L.R.A.,N.S., 571. The rule has its exceptions and it has been generally held that when the reason above cited ceases to exist then the rule itself should end. 26 Tex.Jur.2d 706, § 34. For instance, if a court has entered a decree or order for the distribution of the funds and nothing remains for the custodian of the funds to do but to make delivery or payment to the person entitled, the rule of exemption from garnishment ceases. Challenge Co. v. Sartin, 260 S.W. 313 (Tex.Civ.App.—Dallas 1924, n.w.h.); Turner v. Gibson, supra; 38 C.J.S. Garnishment § 44, p. 246; Reisberg v. Hubbard, 326 S.W.2d 605 (Tex.Civ.App.—Eastland 1959, n. w. h.).

The thousand dollars held by the Sheriff was the money received by him from Lindsey pursuant to the order of restitution in the criminal case. Appellant in his original brief refers us to the testimony in which the Sheriff admits that the "injured parties" were in fact Helvenston and that he was the sole one. The Sheriff further testified that when he received the delivery of the $1,000.00 he was authorized to turn those funds over to the injured party.

■ It is clear, therefore, from the record that the appellant has unsatisfied judgments against Helvenston; that the Sheriff has in his hands monies belonging to Helvenston; that appellant has garnisheed these funds. In view of the fact that there was nothing further for the Sheriff to do under the order of payment by the district court in the criminal case except to pay the funds held in his possession to Helvenston, such funds are no longer exempt from garnishment.

The judgment of the trial court is reversed and this case is remanded to the trial court with instructions to enter judgment in accordance with this opinion in favor of the appellant and to assess all the costs, including the costs of this appeal against the said funds held by the Sheriff.

Reversed and remanded with instructions.