HOUSTON DRYWALL, INC., Appellant,

v.

CONSTRUCTION SYSTEMS, INC., Appellee.

No. 16737.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 19, 1976.

Thompson & Redford, David C. Redford, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Joe Resweber, Michael R. Davis, Houston, for appellee.

EVANS, Justice.

This application for writ of garnishment was instituted on December 16, 1975, by the garnishor, Construction Systems, Inc., against the garnishee, Ray Hardy, District Clerk of Harris County, under a judgment obtained on October 17, 1974, against Houston Drywall Systems, Inc., in the amount of $4,473.63 plus attorney's fees in the sum of $894.73 and interest at the then legal rate. The District Clerk was served with the writ of garnishment on December 19, 1975. On that same date a judgment was entered in another action, Cause No. 954,921, styled *Lakeside Commerce Bank, et al. v. Instant Structures, Inc.,* pending in the 164th District Court of Harris County, which awarded a total sum of $85,295.00, that had been deposited in the registry of that court, to fourteen different parties, one of whom was Houston Drywall Systems, Inc. Under that judgment, Houston Drywall Systems, Inc. was awarded the specific sum of $9,448.37.

On January 5, 1976, the District Clerk filed his sworn answer in the garnishment proceeding, generally denying the indebtedness to the garnishor and specifically asserting that the funds in the registry of the court were in custodia legis and, therefore, not subject to garnishment. The appearance date for the garnishee's answer was January 12, 1976. On that date, Houston Drywall Systems, Inc. filed its intervention in the garnishment proceeding, and the District Clerk filed his petition seeking authority to interplead the sum of $9,448.37 in the garnishment action and requested that he be discharged. On January 20, 1976, the court granted the petition, ordered the District Clerk discharged as garnishee, and directed that the funds be deposited in the court's registry pending further orders. Both the garnishor and the intervening judgment debtor then moved for summary judgment, and on February 27, 1976, judgment was entered awarding the garnishor the sum of $5,368.36 plus interest on the fund interpleaded in the court. Houston Drywall Systems, Inc. has perfected its appeal. The judgment will be reversed and rendered.

A fund deposited with a clerk of a court is generally deemed to be in custodia legis and is not subject to garnishment. *Pace v. Smith,* 57 Tex. 555 (1882); *Curtis v. Ford,* 78 Tex. 262, 14 S.W. 614 (1890). If the clerk is directed to hold the fund pending further orders of the court, the fund remains in custodia legis and is not subject to garnishment. *Houlle v. Martin,* 35 S.W.2d 785 (Tex.Civ.App.—Texarkana 1931, no writ). It has been held that an exception to this rule exists where the court's decree directs the clerk to make distribution of the fund, or where under the circumstances of the case there remains nothing for the clerk to do other than effect delivery or payment to the person entitled. *Challenge Co. v. Sartin,* 260 S.W. 313 (Tex. Civ.App.—Dallas 1924, no writ), citing *Turner v. Gibson,* 105 Tex. 488, 151 S.W. 793 (1912). See also *Leroux v. Baldus,* 13 S.W. 1019 (Tex.Sup., 1890); *Southwestern Bell Telephone Co. v. Watson,* 413 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1967, no writ).

In the case at bar the judgment entered December 19, 1975, by the 164th Judicial District Court in Cause No. 954,921 specifically ordered the district clerk to pay the

judgment creditor, Houston Drywall Systems, Inc., the sum of $9,448.37 from the funds in the court's registry. Thus, this case would fall within the exception noted if the judgment was final for purposes of garnishment.

■ An uncertain demand, although liquidated and fixed by the terms of the judgment, is not subject to garnishment until the judgment becomes final in the sense that it can neither be set aside nor reversed upon appeal. *Alexander v. Berkman,* 3 S.W.2d 864, 868 (Tex.Civ.App.—Waco 1927, writ ref'd); *Waples-Platter Grocer Co. v. Texas & Pacific Ry. Co.,* 95 Tex. 486, 68 S.W. 265, 266 (1902).

The judgment in Cause No. 954,921, against which the garnishment action was filed, established the entitlement of Houston Drywall Systems, Inc., one of a number of defendants in that action, to share in the funds impleaded by the plaintiffs in discharge of their liability from claims for work and materials resulting from the construction of the Lakeside Commerce Bank. Under that judgment it was decreed that certain defendants, who had not answered or appeared, would take nothing as to the impleaded funds and that the plaintiffs would be discharged from liability as to all defendants. The judgment further decreed that all relief not expressly granted was denied. It was approved "as to form and substance" by the attorneys for the plaintiffs and the answering defendants.

■ A debt which has become certain and liquidated at the time of the due date for the garnishee's answer may be reached by writ of garnishment. *Gause v. Cone,* 73 Tex. 239, 11 S.W. 162 (1889); *Keeran v. Salley,* 244 S.W.2d 663, 666 (Tex.Civ.App.—San Antonio 1951, writ ref'd). Thus, a garnishment writ which had been obtained after rendition of an appellate court's judgment but prior to the time the motion for rehearing could have been filed, was held not premature where the garnishee's answer was filed after the time had expired for the filing of motion for rehearing and after mandate had issued. *Raley v. Hancock,* 77 S.W. 658 (Tex.Civ.App., 1903, no writ). Similarly, writs of garnishment were upheld against judgments which had been rendered after the date of the service of the writs, where the judgments became final before the answers of the garnishees were filed. *First State Bank & Trust Co. v. Blum,* 239 S.W. 1035 (Tex.Civ.App.—San Antonio 1922, no writ).

■ In the case at bar the judgment in Cause No. 954,921 did not become final until after the expiration of thirty days following the date of its rendition. Rule 329b, Texas Rules of Civil Procedure. Until the expiration of that time, the trial court retained the power to set aside, modify, or amend the judgment, either upon a party's motion or its own motion. McDonald, Texas Civil Practice, Vol. 4, § 18.03, pp. 220–228. As to the defaulting defendants, the judgment was subject to review by writ of error until the expiration of six months after its rendition. Article 2255, Tex.Rev. Stat.Ann.; *Griffin v. Browne,* 482 S.W.2d 716 (Tex.Civ.App.—Houston [1st] 1972, writ ref'd n. r. e.). The judgment was approved for entry by agreement of counsel for the answering parties; however, that agreement was not binding upon the other parties. *Edwards v. Gifford,* 137 Tex. 559, 155 S.W.2d 786 (1941).

■ If at the time of the due date of the garnishee's answer, a claim remains unliquidated or contingent, it cannot be reached by writ of garnishment even though it is subsequently rendered certain and absolute by a final judgment. *Alexander v. Berkman,* supra. On the due date of the District Clerk's answer in the case at bar, the claim of Houston Drywall Systems, Inc. had not become fixed and established by a judgment which was not subject to being set aside by motion or by appeal. Therefore, the judgment of the court below must be reversed and judgment rendered dismissing the writ of garnishment.

Reversed and rendered.