Ray HARDY, District Clerk, Appellant,

v.

CONSTRUCTION SYSTEMS,
INC., Appellee.

No. 1646.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 21, 1977.

Rehearing Denied Oct. 31, 1977.

Joe Resweber, County Atty., Michael R. Davis, Asst. County Atty., Harris County, Houston, for appellant.

William A. Peterson, Jr., Lapin, Totz & Mayer, Houston, for appellee.

COULSON, Justice.

This is an appeal by Ray Hardy, the district clerk of Harris County, from an

order which permitted Construction Systems, Inc. to garnish money held in the registry of the court of which Hardy was clerk. Since the judgment ordering Hardy to distribute the money in question was final at the time garnishment was sought, the funds were no longer in custodia legis and garnishment was proper. We affirm.

In a judgment entered December 19, 1975 the 164th Judicial District Court ordered the district clerk, Hardy, to pay Houston Drywall Systems, Inc. (Drywall) $9,448.37 out of a fund which had been interplead and deposited with the court. Construction Systems, Inc., a judgment creditor of Drywall, sought to garnish part of that award and named Hardy as garnishee. That garnishment was held premature by the Court of Civil Appeals for the First Supreme Judicial District on the grounds that the judgment awarding Drywall its part of the interplead funds had not become final at the time garnishment was sought. *Houston Drywall, Inc. v. Const. Systems, Inc.*, 541 S.W.2d 220 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Following that decision, and after the judgment awarding Drywall the money had become final, Construction Systems, Inc. instituted a second garnishment action, the subject of this appeal.

■ Hardy asserts that a writ of garnishment will never lie against funds deposited with the clerk of a court. That is undoubtedly the rule announced in two early Texas Supreme Court decisions. *Curtis v. Ford*, 78 Tex. 262, 14 S.W. 614 (1890); *Pace v. Smith*, 57 Tex. 555 (1882). While those cases have never been specifically overruled, this court is convinced that they no longer correctly express the law of this state. The rule currently followed, and the one applicable to this case, is that property in custodia legis is not subject to garnishment, but that the exemption ceases when a court has entered a judgment ordering the distribution of that property and nothing remains for the custodian to do but make delivery or payment to the person entitled. *Houston Drywall, Inc. v. Const. Systems, Inc.*, 541 S.W.2d 220 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Southwestern*

*Bell Telephone Company v. Watson*, 413 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Challenge Co. v. Sartin*, 260 S.W. 313 (Tex.Civ.App.—Dallas 1924, no writ). This follows from the principle that after a person's right to property in custodia legis has become absolute, his ownership fixed and determined, then garnishment of that property will be allowed. *Leroux v. Baldus*, 13 S.W. 1019 (Tex.Sup.1890); *see Turner v. Gibson*, 151 S.W. 793 (Tex.Sup. 1912). The final judgment of a court ordering the clerk to distribute money to a litigant clearly has the effect of fixing and determining the litigant's right to, and ownership of, that money.

■ Further, it has been held that the purpose of the rule precluding the garnishment of property in the custody of the law is not to protect the party entitled to the property, but to preserve the jurisdiction of the court administering the property and prevent conflicts of jurisdiction with other courts. *Turner v. Gibson*, 151 S.W. 793 (Tex.Sup.1912); *Southwestern Bell Telephone Company v. Watson*, 413 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1967, no writ). When, as here, a court has entered a judgment ordering the distribution of funds in its registry and time has passed sufficient to render the judgment beyond the court's power to set aside, modify, or amend, then the court has lost subject matter jurisdiction over the funds, and the justification for the rule precluding garnishment no longer exists. Moreover, it would seem to be inappropriate to describe funds in the registry of the court as being in custodia legis after subject matter jurisdiction has ceased. Instead, they should be viewed as being held by the clerk in trust for the one found to be entitled to them. *See Sellers v. Harris County*, 483 S.W.2d 242 (Tex.Sup.1972).

We are aware that permitting garnishment actions against the clerk of a court subjects him to a certain amount of inconvenience and risk. It is, however, no greater than that encountered by any garnishee, and we see no reason why a clerk should be

given a preferred position, or debtors' funds find sanctuary in his possession.

Affirmed.