

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 16, 1995

Honorable Tim Curry
Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-348

Re: Validity and constitutionality of section 117.002 of the Local Government Code, which concerns the turn over of abandoned funds held by the county or district clerk to the State of Texas (RQ-673)

Dear Mr. Curry:

You have asked this office a series of questions as to the validity and constitutionality of section 117.002 of the Local Government Code, which concerns the turn over of abandoned funds held by the county or district clerk to the State of Texas. In our view, section 117.002 is both valid and constitutional.

Section 117.002 states:

> Any funds deposited under this chapter that are presumed abandoned under Chapter 72, 73, or 75, Property Code, shall be reported and delivered by the county or district clerk to the state treasurer without further action by any court. The dormancy period for funds deposited under this chapter begins on the later of:
>
> (1) the date of entry of final judgment or order of dismissal in the action in which the funds were deposited;
>
> (2) the 18th birthday of the minor for whom the funds were deposited; or
>
> (3) a reasonable date established by rule by the state treasurer to promote the public interest in disposing of unclaimed funds.

Chapter 117 of the Local Government Code concerns the placement in a depository bank of "money deposited in court pending the result of a legal proceeding." Local Gov't Code § 117.052. Section 117.053 of the code provides that payment from such funds must be made on court order, but section 117.002, the later enacted statute, creates an exception to the usual rule. *See* Act of April 28, 1959, 56th Leg., R.S., ch. 270, 1959 Tex. Gen. Laws 586 (adopting former V.T.C.S. art. 2558a, § 4a, predecessor

of Local Gov't Code § 117.053); Act of May 9, 1991, 72d Leg., R.S., ch. 153, § 26, 1991 Tex. Sess. Law Serv. 744, 750 (adopting Local Gov't Code § 117.002).

The relevant explanations of the presumption of abandonment in the Property Code are sections 72.101 (abandoned personal property), 72.102 (abandoned traveler's checks and money orders), 73.101 (abandoned accounts and safety deposit boxes), and 75.101 (abandoned mineral proceeds). While the statutory periods before the property is presumed abandoned differ--three years for personal property and mineral proceeds; five years for money orders, accounts, and safety deposit boxes; fifteen years for traveler's checks--the general definition of what is "abandoned" is that provided by section 72.101:

> [P]ersonal property is presumed abandoned if . . . :
>
> > (1) the existence and location of the owner of the property is unknown to the holder of the property; and
> >
> > (2) according to the knowledge and records of the holder of the property, a claim to the property has not been asserted or an act of ownership of the property has not been exercised.

It follows from this that so long as there is any unadjudicated claim of right to property by an identified person who can be located, the statutory period for the presumption of abandonment has not begun. It further follows that the assertion of such a claim during the statutory period will toll the period during the pendency of the claim's adjudication.

That being the case, we see no constitutional impediment to the requirement that such property held under chapter 117 as is deemed abandoned be reported and delivered to the treasurer "without further action by any court." Local Gov't. Code § 117.002. In your brief, you analogize such delivery to garnishment and note that "[a] fund deposited with a clerk of a court is generally deemed to be in custodia legis and is not subject to garnishment." *Houston Drywall, Inc. v. Construction Sys., Inc.*, 541 S.W.2d 220, 221 (Tex. Civ. App.--Houston [1st Dist.] 1976, no writ). Assuming for the sake of argument that report and delivery to the treasurer is analogous to garnishment, "[i]t has been held that an exception to [the] rule [against garnishment] exists . . . where under the circumstances of the case there remains nothing for the clerk to do other than effect delivery or payment to the person entitled." *Id.* When the court has rendered judgment and the time for modifying the judgment has elapsed, the court has lost subject matter jurisdiction over the funds, and the justification for the rule against garnishment ceases to exist. *Hardy v. Construction Sys. Inc.*, 556 S.W.2d 843, 844 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). When property is deemed abandoned, which is to say when there are no claims to the property by a person who can be located and have been no such claims for the statutory period, there is nothing for the clerk to do other than effect delivery of such property to the treasurer.

You suggest that for the legislature to direct that abandoned property be delivered to the treasurer without further court action is an invasion of the jurisdiction of the courts, and therefore a violation of separation of powers. The court of criminal appeals has written:

> The core of . . . judicial power embraces the power (1) to hear evidence; (2) to decide the issues of fact raised by the pleadings; (3) to decide the relevant questions of law: (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence.

*Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239-40 (Tex. Crim. App. 1990). *See also Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979).

Section 117.002 does not implicate these core judicial powers, since, as we have noted, so long as there is any unadjudicated claim of right to the funds held by the county or district clerk, such funds are not presumed abandoned. The statutory period does not begin to run until "the later of" the date of entry of final judgment or order of dismissal, the 18th birthday of a minor for whom such funds are deposited, or "a reasonable date" which the treasurer may establish by rule.

You have suggested that there is some ambiguity in these dates, since an appeal might be taken from the district court's judgment. But an appeal would be an assertion of a claim of right to the fund. Accordingly, the fund would not be property for which "a claim . . . has not been asserted." Prop. Code § 72.101. Nor is it a problem, as your brief asserts, that section 117.002 "fails to address an incapacitated beneficiary whose money might be subject to court order for an indefinite period of time." Such a beneficiary is an identified person with a claim of right to the fund; the fund, therefore is not abandoned by the terms of the Property Code.

You next ask what funds are covered by section 117.002. By its terms, the statute refers to "any funds deposited" under chapter 117. As this office informed you in Attorney General Opinion JM-1162 (1990), such funds "include, *inter alia*, civil court deposits, probate court deposits, child support payments paid through the clerk's office, interpleader funds, supersedeas deposits, funds paid in satisfaction of judgments, other cash deposits made in lieu of bonds, minor's trust funds, and eminent domain deposits."

You suggest that the dormancy period for these funds is somehow uncertain. We disagree. The relevant period depends on the nature of the property, and is governed by the appropriate Property Code sections already cited.

Finally, you ask whether section 117.002 conflicts with section 117.058 of the Local Government Code. As you point out, section 117.058 requires that, in a county with a population of 190,000 or more, checks disbursed by county or district clerks from

their trust funds must be countersigned by the county auditor, and the auditor may only countersign them "on written evidence of the order of the judge of the court in which the funds have been deposited that authorizes the disbursement of the funds." Local Gov't Code § 117.058(d). This requirement does conflict with the directive of section 117.002 that abandoned funds be delivered to the treasurer without further order of any court.

Section 117.002 deals only with those funds in the custody of the district or county clerk which are presumed abandoned. It is therefore more specific than section 117.058. Moreover, section 117.002, which was added by the Seventy-second Legislature and became effective on September 1, 1991, is later in time than section 117.058, which was adopted by the Forty-third Legislature and became effective in 1933. *See* Act approved April 29, 1933, 43d Leg., R.S., ch. 98, 1933 Tex. Gen. Laws 217 (adopting former V.T.C.S. art. 1656b, recodified as Local Gov't Code § 117.058). Since section 117.002 is the more specific statute, as well as the later adopted statute, to the extent of conflict between it and section 117.058, section 117.002 prevails. Gov't Code §§ 311.025, .026.

## S U M M A R Y

Section 117.002 of the Local Government Code is both valid and constitutional. Funds subject to section 117.002 are those funds covered by chapter 117, as defined by Attorney General Opinion JM-1162 (1990). To the extent of conflict between section 117.002 and section 117.058 of the Local Government Code, section 117.002 prevails as more specific and later adopted.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General